IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-839-D

| | | |
|---|---|---|
| JONI KING BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRANCH BANKING & TRUST | ) | |
| COMPANY, TAMMY CAPORALE, | ) | |
| and MICHAEL PARRILL, | ) | |
| | ) | |
| Defendants. | ) | |

On August 12, 2016, Joni King Brooks ("plaintiff" or "Brooks") sued her former employer Branch Banking & Trust Company ("BB&T") and two former BB&T supervisors Tammy Caporale and Michael Parrill (collectively "defendants") in Vance County Superior Court. See Compl. [D.E. 1-1]. Brooks alleges wrongful discharge in violation of North Carolina public policy based on her age and intentional infliction of emotional distress. See id. ¶¶ 5–20, 23–29. Oddly, Brooks's complaint does not contain a claim under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 to 634 ("ADEA"), but does seek liquidated damages and attorney's fees under 29 U.S.C. § 626(b). See Compl. ¶¶ 21–22. On October 7, 2016, defendants removed the action and alleged federal question jurisdiction under 28 U.S.C. § 1331 concerning Brooks's alleged ADEA claim and supplemental jurisdiction under 28 U.S.C. § 1367(a) concerning Brooks's alleged state-law claims. See [D.E. 1] ¶¶ 5–8.

On October 14, 2016, defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted [D.E. 9] and filed a memorandum in support [D.E. 10]. See Fed.

R. Civ. P. 12(b)(6). On November 16, 2016, Brooks responded in opposition [D.E. 16] and moved to remand the action to Vance County Superior Court [D.E. 17]. In support of Brooks's motion to remand, Brooks states that her complaint does not include an ADEA claim. See [D.E. 17] 1–2. Defendants did not respond to the motion to remand.

The court has reviewed Brooks's complaint, the briefs, and the governing law. See, e.g., Hoscher v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (per curiam); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151–54 (4th Cir. 1994). The court lacks federal question jurisdiction under 28 U.S.C. § 1331 because there is no federal question in this case. Brooks's complaint does not contain an ADEA claim. Likewise, this court lacks diversity jurisdiction. See 28 U.S.C. § 1332(a)(1), (c)(1); cf. Compl. ¶¶ 2–2B. Thus, the court grants Brooks's motion to remand the action to Vance County Superior Court.

In sum, the court GRANTS plaintiff's motion to remand [D.E. 17] and REMANDS the action to Vance County Superior Court.

SO ORDERED. This 30 day of December 2016.

JAMES C. DEVER III
Chief United States District Judge